Filed
D.C. Superior Court
03/30/2018 16:41PM
Clerk of the Court

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**WILBUR HILIGH**
**9214 PINEHURST DRIVE**
**FT. WASHINGTON, MARYLAND 20744,**

 **PLAINTIFF**


 **V.**

**WILLIAM S. SANDS, JR., Esq.**
**11130 MAIN ST. Suite 310**
**FAIRFAX, VA 22030,**

 **AND**

**JOHN C. DUNCAN III, Esq.**
**11130 MAIN ST. SUITE 310**
**FAIRFAX, VA 22030**

 **and**


**DUNCAN AND HOPKINS, P.C.,**
**111300 FAIRFAX BLVD.**
**SUITE 310**
**FAIRFAX, VA 22030**

 **AND**

**PERSONAL REPRESENTATIVE OF**
**ESTATE OF**
**WILLIAM S. HOPKINS, Esq.**
**Died 2014**

 **AND**


**PERSONAL REPRESENTATIVE OF**
**ESTATE OF CHARLES P. MONROE, Esq.**
**Died 2003**

 **DEFENDANTS**


## COMPLAINT

(Legal Malpractice in Continuous Representation and Failure to Self-Report Breach of
the Standard of Care)

 Now comes the plaintiff who avers upon personal knowledge as to himself and

otherwise upon information and belief, as follows:

 1. Plaintiff Wilbur Hiligh is an adult resident and citizen of Maryland.

1



2.     Defendant Duncan and Hopkins, P.C. is a law firm and professional corporation with principal place of business in Virginia but with lawyer members, shareholders, principals, or employees of this professional corporation who practiced law in the District of Columbia.

3.     Beginning in January 1998, Defendant Duncan and Hopkins represented plaintiff Hiligh pursuant to written fee agreement after plaintiff Hiligh was seriously injured in a workplace occurrence at his then place of employment at the Federal Express facility at Florida and New York Avenues, N.W. in Washington D.C. The date of the injury occurrence was January 31, 1997.

4.     Defendant Duncan and Hopkins came to represent plaintiff Hiligh pursuant to a written contract entered in January 1998 and renewed several times thereafter.

5.     The following lawyers of this defendant Duncan and Hopkins represented plaintiff Hiligh continuously through April 2015 and are sued in individually or through the personal representative of their estate:

A.  Defendant Charles P. Monroe, until his death in 2003, by his Personal Representative named as a defendant.

B.  William S. Hopkins, until his death in 2014; by his Personal Representative named as a defendant.

C.  Defendant John C. Duncan III; and

D.  Defendant William S. Sands, Jr.

6.     All four of these lawyers referred to in ¶5 were sufficiently agents of defendant Duncan and Hopkins, P.C. and working the scope of their agency to make

Duncan and Hopkins vicariously liable under *respondeat superior* for the breaches of the standard of care of these individual attorneys. The four individual defendants and Duncan and Hopkin, P.C., law firm are collectively referred to hereafter as "Duncan and Hopkins" or as "defendant attorneys."

7.      Beginning in January 1998, Duncan and Hopkins investigated plaintiff's 1997 workplace injury and came under knowledge that the injury was caused by a defectively designed "bridge plate" or loading dock plate. This product was installed on the Federal Express loading dock and served as a bridge between the loading dock and large trucks parked adjacent to the Federal Express loading dock.

8.      Plaintiff's injury occurred on January 31, 1997, in the District of Columbia. In the course of his employment with Federal Express, Mr. Hiligh was carrying a large box obscuring his sight from the loading dock onto the adjacent truck. For this occurrence, the tractor trailer truck was side-loading, meaning it was parked parallel to the Federal Express loading dock. Defendants later learned that use of the loading dock bridge plate onto a side-loading truck was foreseeable but presented circumstances requiring design of the bridge plate permitting it to lay flat between the loading dock and the side-loading truck.

9.      The bridge plate was defectively designed in that, *inter alia*, it did not have split endings to permit it to lay flat between the vertical edge of the truck and the loading dock. As plaintiff stepped onto what he reasonably assumed was a continuous flat walking surface for the bridge plate, plaintiff encountered an open space. Laden with a heavy carry load, plaintiff stepped down into a void. The movement caused plaintiff to

strike the end of the bridge plate and loading dock in his groin and penis area. This caused grievous physical injury to plaintiff's sexual function because of damage to vascular and sexual organs in the groin area.

Exposure to Dangerous Medical Procedures

10.    Plaintiff was born in July 1977 and was only age 19 at the time of the injury. The physical damage would ultimately require lengthy hospitalizations and numerous surgeries and procedures, which were ongoing. Several of the procedures were high-risk and prone to additional injury to the urethra and other reproductive organs.

11.    Plaintiff proximately developed post-traumatic stress and a psychological overlay from the injury and suffered other psychological effects. Even into the present in 2018, plaintiff has suffered additional and cumulative injury from invasive medical diagnostic procedures.

12.    All of plaintiff's injuries were permanent and disabling.

Defendant Duncan and Hopkins Continuous Representation of Plaintiff

13.     Beginning in January 1998, defendant Duncan and Hopkins were under a duty to investigate the facts of the injury to determine remedies available to the seriously injured client. The investigation focused on two avenues of injury: statutory workers' compensation remedies and a potential claim against a party, other than the employer Federal Express, whose negligence or strict liability was a proximate cause of plaintiff's injuries and damages.

14.    Defendant Duncan and Hopkins represented plaintiff with respect to a workers' compensation claim against the employer's Federal Express workers'

compensation insurer, Alexsis, and claim administrator RSK Co. beginning in early 1998.

15.    The defendant Duncan and Hopkins' representation of plaintiff in his workers' compensation claim was ongoing and continuous from 1998 through numerous Administrative Law Judge hearings, administrative appeals and one D.C. Court of Appeals proceeding in the D.C. workers' compensation system through April 2015. The defendant law firm also engaged in settlement conferences with the workers' compensation carrier for Federal Express. Several disputed issues fueled this lengthy workers' compensation advocacy, including but not limited to, the amount of plaintiff's average weekly wages; the degree of disability; future medical expenses; expenses for psychiatric care; and discussion of a Medicare Set Aside fund for payment of future medical expenses from this fund rather than payment by Medicare.

16.    Early in its representation of plaintiff, defendant Duncan and Hopkins recognized the merit of filing a lawsuit against a third-party (non-employer) tortfeasor who had caused plaintiff's injury and damages.

17.    Consultation between defendant attorneys and plaintiff indicated that a defectively designed and/or installed bridge plate had caused plaintiff's injuries. The bridge plate in use on the day of plaintiff's injury did not have end flaps or adjustable panels that would permit a flat walking surface when the end of the bridge plate was against the side of the truck cargo bay.

18.    When considering the potential for plaintiff to file a third-party action against the manufacturer and/or installer of the bridge plate, the defendant attorneys had

nearly two and one-half years before the January 2000 limitation for a product liability claim in the District of Columbia to investigate and obtain the exact name of the bridge plate manufacturer.

19.    In this 30-month period, the defendant attorneys, moreover, could readily have obtained permission from Federal Express and its workers' compensation carrier to enter the Federal Express premises with an expert witness if appropriate, to inspect the bridge plate and determine a manufacturer's stamp or signage. Federal Express and its workers' compensation carrier would readily have cooperated in this inspection because any recovery plaintiff made against a third party would be paid back to the workers' compensation carrier pursuant to the workers' compensation, third party recovery, lien provision in D.C. law.

20.    The defendant attorneys in the 30-month period before the limitation expired in January 2000, also could have inspected the architectural and work permit filings for construction of the Federal Express loading facility on file with the Department of Regulatory Affairs of the D.C. Government, which could also have identified the manufacturer of the defective designed bridge plate.

21.    The standard of care for similarly situated attorneys required such action of the defendant attorneys pleaded above.

Filing Against the Incorrect Defendants in the 36th Month

22.    Defendants took none of the actions pleaded in ¶s 17-20.

23.    Instead, the defendant attorneys wasted the opportunity to identify the correct defendant to sue for the defectively-designed bridge plate and waited until January

28, 2000, three days before limitation expired on the January 31, 1997, occurrence, and filed a lawsuit in D.C. Superior Court, C.A., 00-000593. The damages claimed were $5 million.

24.      The January 26, 2000, Hiligh lawsuit sued what turned out to be incorrect defendants: Coakley & Williams Construction Company, Inc., the general contractor for the Federal Express loading dock, and Allstate Conveyor Service, which was alleged to be the designer and manufacturer of the bridge plate or "cat walk" upon which the plaintiff was injured in 1997. Allstate turned out to have been only the contractor for building the loading dock and not the manufacturer of the bridge plate.

25.      In product identification for strict liability claims, the standard of care required attorneys situated like these defendants, when faced with a statute of limitation, to serve under Civil Rule 15 (c)(3)(A) alternative possible manufacturer parties but not name them as defendants. Research by the Internet or other means of manufacturers of loading dock bridge plates would have revealed a small list of manufacturers which could have designed and manufactured the bridge plate that caused plaintiff's injury. If the standard of care had been complied with, serving these possible, correct manufacturer parties under Civil Rule 15 (c)(3)(A) would have preserved the ability of plaintiff and his defendant attorneys to undertake discovery and confirm the correct bridge gate manufacturer who could then be named as a defendant. This process would comply with the statute of limitations for the new defendant because of the relation back procedure in Civil Rule 15 (c)(3)(A), despite the statute of limitations having run before the correct manufacturer is formally named as a defendant.

7

26.     The defendant attorneys were ignorant and inattentive to the above standard of care requirements.

27.     After the defendant attorneys wasted 30 months and filed the lawsuit against Coakley and Allstate Conveyors on January 28, 2000, both named defendants filed sworn declarations that they were not the manufacturer or designer of the bridge plate or catwalk attached to the loading dock. Neither defendant identified who the correct manufacturer was, but these defendants established that the bridge plate or catwalk was a separate unit provided by an outside manufacturer to the contractors who built the Federal Express loading dock.

28.     The correct manufacturer of the bridge plate was susceptible to identification as a defendant and had sufficient assets and insurance to secure a reasonable settlement or verdict for Mr. Hiligh.

29.     Coakley and Allstate ultimately obtained dismissal as defendants.

30.     The defendant attorneys never did identify the correct manufacturer of the bridge plate. With the statute of limitation having run on January 31, 2000, and the correct manufacturer not served with the complaint under Civil Rule 15 (c)(3)(A), identification of the correct manufacturer and naming same as a defendant in an amended complaint, would not have related back to the January 28, 2000, complaint filed complaint against Allstate and Coakley. Such naming the correct manufacturer as a new defendant after January 31, 2000, would have been futile, subject to immediate dismissal by the new defendant on limitations grounds, and likely a violation of Civil Rule 11 (b) and exposing the defendant attorneys to sanctions.

8

31.     On October 6, 2000, the defendant attorneys dismissed with prejudice the January 28, 2000, complaint against Coakley and Allstate.

32.     The defendant attorneys provided no explanation to plaintiff Hiligh about the dismissal other than to say that the Superior Court would not let the case proceed.

33.     At this same time in 2000 and regularly through April 14, 2015, the defendant attorneys were continuing to represent plaintiff Hiligh in ongoing hearings and appeals in the D.C. workers' compensation system.

### Fiduciary Duty of Defendant to Confess Breach of Standard of Care in Failing to Timely Identify and Sue Correct Bridge Plate Manufacturer

34.     The defendant attorneys were continuously under a fiduciary duty to plaintiff and subject to the Rules of Professional Conduct to represent his best interests and put the plaintiff's interests ahead of their own interest of avoiding professional liability.

35.     When their January 2000 Complaint against defendants who did not manufacture the bridge gate or catwalk, had to be dismissed with prejudice in October 2000, defendant attorneys were under a fiduciary duty to inform plaintiff they had wasted the 30-month investigative period and had not identified the bridge gate manufacturer in time to file a lawsuit against such party.

36.     This self-reporting requirement for a fiduciary required the defendant attorneys to inform plaintiff of his rights to obtain another lawyer who, likely on a contingent fee, could bring a claim against the defendant attorneys and their professional liability carrier to recover the damages sought against the bridge gate manufacturer in a

product liability claim. This self-reporting duty was acute for defendant attorneys because they knew plaintiff was relying exclusively on them for protection of his legal rights to seek remedies and damages for his January 1997 serious bodily injury occurrence.

37.     From the time in October 2000 when they dismissed the January 2000 Complaint with prejudice, to the present, defendant attorneys failed to discharge this fiduciary duty to their client, plaintiff Hiligh. Mr. Hiligh was never advised by the defendant attorneys that he should consult with independent counsel, as per RPC 1.8 (g)(2), to assess Mr. Hiligh's legal rights against the defendant attorneys and their insurance carrier over the debacle of the failed products liability claim against the bridge gate manufacturer.

<u>Estoppel</u>

38.     The breach of fiduciary duty pleaded above reflects unclean hand by the defendant attorneys and estops them from asserting statute of limitations or laches against this legal malpractice action of their former client. This unclean hands and estoppel is also part of the continuous representation by the defendant attorneys of this plaintiff until at least April 14, 2015 with respect to all legal remedies that could be asserted for plaintiff who was seriously by another's negligence in January 1997.

39.     The defendant attorneys represented plaintiff pursuant to a written contract; failed to comply with the standard of care; and departed from duties owed the client plaintiffs. These failures were negligent and proximately caused the loss to plaintiff of a

valuable damages recovery against the manufacturer of the defectively designed and defectively manufactured bridge plate.

Jurisdiction and Venue

40.     The defendant attorneys conducted business in this jurisdiction and the cause of action arose out of such business conducted in this jurisdiction.

41.     Venue is appropriate in this Court.

Count 1: Breach of the Standard of Care and Fiduciary Duty

42.     Paragraphs 1 through and including 41 are incorporated by reference.

43.     The defendant attorneys breached the standard of care and fiduciary duty for similarly situated attorneys and proximately caused the loss of recovery for plaintiff against the manufacturer of the defective bridge plate that caused plaintiff's severe injury.

44.     Plaintiff Hiligh demands judgment in negligence and for breach of fiduciary duty against each defendant, jointly and severally, and individually, in the amount of $8 million, plus interests and costs.

<u>Request for Jury Trial</u>

45.  Plaintiff requests a trial by jury on all issues so triable.


Respectfully submitted,

<u>/s/John S. Lopatto III,</u> D.C. Bar #965426
1776 K St., N.W., Suite 700
Washington, D.C. 20006
202-861-5800/FAX 202-315-3850
Jlopatto3@gmail.com
Attorney for Plaintiff

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Wilbur Biligh

Case Number: _____

Date: Mar. 30, 2018

vs

William S. Sands Jr., et al.

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>John S. Lopatto III | Relationship to Lawsuit |
| Firm Name:<br>Law offices of John Lopatto | ☒ Attorney for Plaintiff |
| Telephone No.:          Six digit Unified Bar No.:<br>202-861-5800                965426 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury      ☒ 6 Person Jury      ☐ 12 Person Jury

Demand: $ 8 million                                Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar#: _____

---

NATURE OF SUIT:      *(Check One Box Only)*

### A. CONTRACTS

COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Puf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
    Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
    Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
    Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
    Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
    Under $25,000 Consent Denied

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
    Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
    Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability

- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

## II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-1519 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

## D. REAL PROPERTY

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

/s/John S. Lopatto III        Mar. 30, 2018

_____        _____

Attorney's Signature             Date



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Wilbur Hiligh

_____
                                                    Plaintiff

                          vs.                                    Case Number _____

William S. Sands, Jr., Esq.

_____
                                                    Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John S. Lopatto III
_____
Name of Plaintiff's Attorney                                    _Clerk of the Court_

1776 K St., N.W., Suite 700
_____         By _____
Address                                                                    Deputy Clerk
Washington, D.C. 20006
_____

202-861-5800                                                    Date _____
_____
Telephone
如需翻譯，請打電話 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                    CASUM.doc





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                                    Demandante

    contra                                          Número de Caso: _____

_____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                            *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante
                                    Por: _____
_____                        Subsecretario
Dirección

                                    Fecha: _____

Teléfono
如需翻譯,請打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Đề có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     ʔamharic (202) 879-4828 ʔ.ʔ.ɖ.ʔ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (203-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                        CASUM.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Wilbur Hiligh
_____
                                    Plaintiff

                    vs.                                    Case Number _____

John C. Duncan III, Esq.
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

                                    DC Bar 965426

Name of Plaintiff's Attorney                              _Clerk of the Court_
Atty. John S. Lopatto III
1776 K St., N.W. Suite 700                    By _____
Address Washington, D.C. 20006                              Deputy Clerk

202-861-5800                                  Date _____

Telephone
如需翻譯，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                    CASUM.doc





### TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
#### 500 Indiana Avenue, N.W., Suite 5000
#### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante

contra

                                    Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

   Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

   A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                    Por: _____
_____           Subsecretario
Dirección

                                    Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요        ፐሕማርኛ ቋንቋዎ ለማማርዎ (202) 879-4828 ደዉል

   IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

   Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Wilbur Hiligh

_____
Plaintiff

vs.                                          Case Number _____

Duncan and Hopkins P.C.

_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John S. Lopatto III, D.C. Bar #965426

                                        _Clerk of the Court_

Name of Plaintiff's Attorney
1776 K St. N.W. Suite 700

               By _____

Address                                                 Deputy Clerk
Washington, D.C. 20006

202-861-5800                                 Date _____
Telephone
如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                      CASUM.doc





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante

contra                                                    Número de Caso: _____

_____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                            *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                              Por _____
_____              Subsecretario
Dirección

                              Fecha _____
_____
Teléfono
如需翻譯,請打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오       አማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Wilbur Hiligh

_____
Plaintiff

vs.                                              Case Number _____

PersonalRepresentative of Estate of
_____
William S. Hopkins, Esq., Deceased    Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John S. Lopatto III, D.C. Bar #965426                    _Clerk of the Court_

_____
Name of Plaintiff's Attorney

1776 K St., N.W., Suite 700                  By _____
_____                    Deputy Clerk
Address
Washington D.C. 20006

202-861-5800                                 Date _____
_____
Telephone
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                              CASUM.doc





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante

contra

Número de Caso:

_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

Por _____

_____                  Subsecretario
Dirección

Fecha _____

_____
Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      ̊ʕam̑ʕ̄ ̄ʕ̄̀ ̄ ̄̀ ̄̀ ̄ ̀ (202) 879-4828 ̀̀ʕ̀

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Wilbur Hiligh
_____
                              Plaintiff

                    vs.                                              Case Number _____

Personal Reprensative of Estate
_____
 of  Charles P. Monroe, Esq.,          Defendant
Deceased

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

JOhn S. Lopatto III, D.C. Bar #965426                      *Clerk of the Court*
_____
Name of Plaintiff's Attorney
1776 K St., N.W. Suite 700                      By _____
_____                              Deputy Clerk
Address
Washington, D.C. 20006

202-861-5800                                    Date _____
_____
Telephone
如需翻譯,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                              CASUM.doc





### TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
#### DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante

        contra
                                                    Número de Caso: _____

_____
                                    Demandado

#### CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodia los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        _SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

                                    Por: _____
_____                    Subsecretario
Dirección

                                    Fecha _____

_____
Teléfono
如需翻譯，请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      ከአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

  IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

  Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**WILBUR HILIGH**
**9214 PINEHURST DRIVE**
**FT. WASHINGTON, MARYLAND 20744,**

    **PLAINTIFF**

    **V.**

**WILLIAM S. SANDS, JR., Esq.**
**11130 MAIN ST. Suite 310**
**FAIRFAX, VA 22030,**

    **AND**                              2018 CA 002257 M

**JOHN C. DUNCAN III, Esq.**
**11130 MAIN ST. SUITE 310**
**FAIRFAX, VA 22030**

    **and**

**DUNCAN AND HOPKINS, P.C.,**
**111300 FAIRFAX BLVD.**
**SUITE 310**
**FAIRFAX, VA 22030**

    **AND**

**PERSONAL REPRESENTATIVE OF**
**ESTATE OF**
**WILLIAM S. HOPKINS, Esq.**
**Died 2014**

    **AND**

**PERSONAL REPRESENTATIVE OF**
**ESTATE OF CHARLES P. MONROE, Esq.**
**Died 2003**

    **DEFENDANTS**

## <u>COMPLAINT</u>

(<u>L</u>egal Malpractice in Continuous Representation and Failure to Self-Report Breach of the Standard of Care)

    Now comes the plaintiff who avers upon personal knowledge as to himself and

otherwise upon information and belief, as follows:

    1.    Plaintiff Wilbur Hiligh is an adult resident and citizen of Maryland.

1

2.     Defendant Duncan and Hopkins, P.C. is a law firm and professional corporation with principal place of business in Virginia but with lawyer members, shareholders, principals, or employees of this professional corporation who practiced law in the District of Columbia.

3.     Beginning in January 1998, Defendant Duncan and Hopkins represented plaintiff Hiligh pursuant to written fee agreement after plaintiff Hiligh was seriously injured in a workplace occurrence at his then place of employment at the Federal Express facility at Florida and New York Avenues, N.W. in Washington D.C. The date of the injury occurrence was January 31, 1997.

4.     Defendant Duncan and Hopkins came to represent plaintiff Hiligh pursuant to a written contract entered in January 1998 and renewed several times thereafter.

5.     The following lawyers of this defendant Duncan and Hopkins represented plaintiff Hiligh continuously through April 2015 and are sued in individually or through the personal representative of their estate:

A.  Defendant Charles P. Monroe, until his death in 2003, by his Personal Representative named as a defendant.

B.  William S. Hopkins, until his death in 2014; by his Personal Representative named as a defendant.

C.  Defendant John C. Duncan III; and

D.  Defendant William S. Sands, Jr.

6.     All four of these lawyers referred to in ¶5 were sufficiently agents of defendant Duncan and Hopkins, P.C. and working the scope of their agency to make

2

Duncan and Hopkins vicariously liable under *respondeat superior* for the breaches of the standard of care of these individual attorneys. The four individual defendants and Duncan and Hopkin, P.C., law firm are collectively referred to hereafter as "Duncan and Hopkins" or as "defendant attorneys."

7. Beginning in January 1998, Duncan and Hopkins investigated plaintiff's 1997 workplace injury and came under knowledge that the injury was caused by a defectively designed "bridge plate" or loading dock plate. This product was installed on the Federal Express loading dock and served as a bridge between the loading dock and large trucks parked adjacent to the Federal Express loading dock.

8. Plaintiff's injury occurred on January 31, 1997, in the District of Columbia. In the course of his employment with Federal Express, Mr. Hiligh was carrying a large box obscuring his sight from the loading dock onto the adjacent truck. For this occurrence, the tractor trailer truck was side-loading, meaning it was parked parallel to the Federal Express loading dock. Defendants later learned that use of the loading dock bridge plate onto a side-loading truck was foreseeable but presented circumstances requiring design of the bridge plate permitting it to lay flat between the loading dock and the side-loading truck.

9. The bridge plate was defectively designed in that, *inter alia*, it did not have split endings to permit it to lay flat between the vertical edge of the truck and the loading dock. As plaintiff stepped onto what he reasonably assumed was a continuous flat walking surface for the bridge plate, plaintiff encountered an open space. Laden with a heavy carry load, plaintiff stepped down into a void. The movement caused plaintiff to

3

strike the end of the bridge plate and loading dock in his groin and penis area. This caused grievous physical injury to plaintiff's sexual function because of damage to vascular and sexual organs in the groin area.

Exposure to Dangerous Medical Procedures

10.     Plaintiff was born in July 1977 and was only age 19 at the time of the injury. The physical damage would ultimately require lengthy hospitalizations and numerous surgeries and procedures, which were ongoing. Several of the procedures were high-risk and prone to additional injury to the urethra and other reproductive organs.

11.     Plaintiff proximately developed post-traumatic stress and a psychological overlay from the injury and suffered other psychological effects. Even into the present in 2018, plaintiff has suffered additional and cumulative injury from invasive medical diagnostic procedures.

12.     All of plaintiff's injuries were permanent and disabling.

Defendant Duncan and Hopkins Continuous Representation of Plaintiff

13.      Beginning in January 1998, defendant Duncan and Hopkins were under a duty to investigate the facts of the injury to determine remedies available to the seriously injured client. The investigation focused on two avenues of injury: statutory workers' compensation remedies and a potential claim against a party, other than the employer Federal Express, whose negligence or strict liability was a proximate cause of plaintiff's injuries and damages.

14.     Defendant Duncan and Hopkins represented plaintiff with respect to a workers' compensation claim against the employer's Federal Express workers'

4

compensation insurer, Alexsis, and claim administrator RSK Co. beginning in early 1998.

15.     The defendant Duncan and Hopkins' representation of plaintiff in his workers' compensation claim was ongoing and continuous from 1998 through numerous Administrative Law Judge hearings, administrative appeals and one D.C. Court of Appeals proceeding in the D.C. workers' compensation system through April 2015. The defendant law firm also engaged in settlement conferences with the workers' compensation carrier for Federal Express. Several disputed issues fueled this lengthy workers' compensation advocacy, including but not limited to, the amount of plaintiff's average weekly wages; the degree of disability; future medical expenses; expenses for psychiatric care; and discussion of a Medicare Set Aside fund for payment of future medical expenses from this fund rather than payment by Medicare.

16.     Early in its representation of plaintiff, defendant Duncan and Hopkins recognized the merit of filing a lawsuit against a third-party (non-employer) tortfeasor who had caused plaintiff's injury and damages.

17.     Consultation between defendant attorneys and plaintiff indicated that a defectively designed and/or installed bridge plate had caused plaintiff's injuries. The bridge plate in use on the day of plaintiff's injury did not have end flaps or adjustable panels that would permit a flat walking surface when the end of the bridge plate was against the side of the truck cargo bay.

18.     When considering the potential for plaintiff to file a third-party action against the manufacturer and/or installer of the bridge plate, the defendant attorneys had

5

nearly two and one-half years before the January 2000 limitation for a product liability claim in the District of Columbia to investigate and obtain the exact name of the bridge plate manufacturer.

19.     In this 30-month period, the defendant attorneys, moreover, could readily have obtained permission from Federal Express and its workers' compensation carrier to enter the Federal Express premises with an expert witness if appropriate, to inspect the bridge plate and determine a manufacturer's stamp or signage. Federal Express and its workers' compensation carrier would readily have cooperated in this inspection because any recovery plaintiff made against a third party would be paid back to the workers' compensation carrier pursuant to the workers' compensation, third party recovery, lien provision in D.C. law.

20.     The defendant attorneys in the 30-month period before the limitation expired in January 2000, also could have inspected the architectural and work permit filings for construction of the Federal Express loading facility on file with the Department of Regulatory Affairs of the D.C. Government, which could also have identified the manufacturer of the defective designed bridge plate.

21.     The standard of care for similarly situated attorneys required such action of the defendant attorneys pleaded above.

<u>Filing Against the Incorrect Defendants in the 36th Month</u>

22.  Defendants took none of the actions pleaded in ¶s 17-20.

23.     Instead, the defendant attorneys wasted the opportunity to identify the correct defendant to sue for the defectively-designed bridge plate and waited until January

28, 2000, three days before limitation expired on the January 31, 1997, occurrence, and filed a lawsuit in D.C. Superior Court, C.A., 00-000593. The damages claimed were $5 million.

24.     The January 26, 2000, Hilight lawsuit sued what turned out to be incorrect defendants: Coakley & Williams Construction Company, Inc., the general contractor for the Federal Express loading dock, and Allstate Conveyor Service, which was alleged to be the designer and manufacturer of the bridge plate or "cat walk" upon which the plaintiff was injured in 1997. Allstate turned out to have been only the contractor for building the loading dock and not the manufacturer of the bridge plate.

25.     In product identification for strict liability claims, the standard of care required attorneys situated like these defendants, when faced with a statute of limitation, to serve under Civil Rule 15 (c)(3)(A) alternative possible manufacturer parties but not name them as defendants. Research by the Internet or other means of manufacturers of loading dock bridge plates would have revealed a small list of manufacturers which could have designed and manufactured the bridge plate that caused plaintiff's injury. If the standard of care had been complied with, serving these possible, correct manufacturer parties under Civil Rule 15 (c)(3)(A) would have preserved the ability of plaintiff and his defendant attorneys to undertake discovery and confirm the correct bridge gate manufacturer who could then be named as a defendant. This process would comply with the statute of limitations for the new defendant because of the relation back procedure in Civil Rule 15 (c)(3)(A), despite the statute of limitations having run before the correct manufacturer is formally named as a defendant.

26.     The defendant attorneys were ignorant and inattentive to the above standard of care requirements.

27.     After the defendant attorneys wasted 30 months and filed the lawsuit against Coakley and Allstate Conveyors on January 28, 2000, both named defendants filed sworn declarations that they were not the manufacturer or designer of the bridge plate or catwalk attached to the loading dock. Neither defendant identified who the correct manufacturer was, but these defendants established that the bridge plate or catwalk was a separate unit provided by an outside manufacturer to the contractors who built the Federal Express loading dock.

28.     The correct manufacturer of the bridge plate was susceptible to identification as a defendant and had sufficient assets and insurance to secure a reasonable settlement or verdict for Mr. Hiligh.

29.     Coakley and Allstate ultimately obtained dismissal as defendants.

30.     The defendant attorneys never did identify the correct manufacturer of the bridge plate. With the statute of limitation having run on January 31, 2000, and the correct manufacturer not served with the complaint under Civil Rule 15 (c)(3)(A), identification of the correct manufacturer and naming same as a defendant in an amended complaint, would not have related back to the January 28, 2000, complaint filed complaint against Allstate and Coakley. Such naming the correct manufacturer as a new defendant after January 31, 2000, would have been futile, subject to immediate dismissal by the new defendant on limitations grounds, and likely a violation of Civil Rule 11 (b) and exposing the defendant attorneys to sanctions.

8

31.     On October 6, 2000, the defendant attorneys dismissed with prejudice the January 28, 2000, complaint against Coakley and Allstate.

32.     The defendant attorneys provided no explanation to plaintiff Hiligh about the dismissal other than to say that the Superior Court would not let the case proceed.

33.     At this same time in 2000 and regularly through April 14, 2015, the defendant attorneys were continuing to represent plaintiff Hiligh in ongoing hearings and appeals in the D.C. workers' compensation system.

### Fiduciary Duty of Defendant to Confess Breach of Standard of Care in Failing to Timely Identify and Sue Correct Bridge Plate Manufacturer

34.     The defendant attorneys were continuously under a fiduciary duty to plaintiff and subject to the Rules of Professional Conduct to represent his best interests and put the plaintiff's interests ahead of their own interest of avoiding professional liability.

35.     When their January 2000 Complaint against defendants who did not manufacture the bridge gate or catwalk, had to be dismissed with prejudice in October 2000, defendant attorneys were under a fiduciary duty to inform plaintiff they had wasted the 30-month investigative period and had not identified the bridge gate manufacturer in time to file a lawsuit against such party.

36.     This self-reporting requirement for a fiduciary required the defendant attorneys to inform plaintiff of his rights to obtain another lawyer who, likely on a contingent fee, could bring a claim against the defendant attorneys and their professional liability carrier to recover the damages sought against the bridge gate manufacturer in a

product liability claim. This self-reporting duty was acute for defendant attorneys because they knew plaintiff was relying exclusively on them for protection of his legal rights to seek remedies and damages for his January 1997 serious bodily injury occurrence.

37.     From the time in October 2000 when they dismissed the January 2000 Complaint with prejudice, to the present, defendant attorneys failed to discharge this fiduciary duty to their client, plaintiff Hiligh. Mr. Hiligh was never advised by the defendant attorneys that he should consult with independent counsel, as per RPC 1.8 (g)(2), to assess Mr. Hiligh's legal rights against the defendant attorneys and their insurance carrier over the debacle of the failed products liability claim against the bridge gate manufacturer.

Estoppel

38.     The breach of fiduciary duty pleaded above reflects unclean hand by the defendant attorneys and estops them from asserting statute of limitations or laches against this legal malpractice action of their former client. This unclean hands and estoppel is also part of the continuous representation by the defendant attorneys of this plaintiff until at least April 14, 2015 with respect to all legal remedies that could be asserted for plaintiff who was seriously by another's negligence in January 1997.

39.     The defendant attorneys represented plaintiff pursuant to a written contract; failed to comply with the standard of care; and departed from duties owed the client plaintiffs. These failures were negligent and proximately caused the loss to plaintiff of a

10

valuable damages recovery against the manufacturer of the defectively designed and defectively manufactured bridge plate.

Jurisdiction and Venue

40.    The defendant attorneys conducted business in this jurisdiction and the cause of action arose out of such business conducted in this jurisdiction.

41.    Venue is appropriate in this Court.

Count 1: Breach of the Standard of Care and Fiduciary Duty

42.    Paragraphs 1 through and including 41 are incorporated by reference.

43.    The defendant attorneys breached the standard of care and fiduciary duty for similarly situated attorneys and proximately caused the loss of recovery for plaintiff against the manufacturer of the defective bridge plate that caused plaintiff's severe injury.

44.    Plaintiff Hiligh demands judgment in negligence and for breach of fiduciary duty against each defendant, jointly and severally, and individually, in the amount of $8 million, plus interests and costs.

<u>Request for Jury Trial</u>

45.  Plaintiff requests a trial by jury on all issues so triable.


Respectfully submitted,

<u>/s/John S. Lopatto III,</u> D.C. Bar #965426
1776 K St., N.W., Suite 700
Washington, D.C. 20006
202-861-5800/FAX 202-315-3850
Jlopatto3@gmail.com
Attorney for Plaintiff

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Wilbur Biligh

vs

William S. Sands Jr., et al.

Case Number: **2018 CA 002257 M**

Date: Mar. 30, 2018

☐ One of the defendants is being sued in their official capacity.

Name: *(Please Print)*
John S. Lopatto III

Firm Name:
Law offices of John Lopatto

Telephone No.:       Six digit Unified Bar No.:
202-861-5800        965426

Relationship to Lawsuit

☒ Attorney for Plaintiff

☐ Self (Pro Se)

☐ Other:

TYPE OF CASE: ☐ Non-Jury     ☒ 6 Person Jury     ☐ 12 Person Jury

Demand: $ 8 million       Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____ Judge:_____ Calendar #:_____

Case No.:_____ Judge:_____ Calendar#:_____

---

NATURE OF SUIT:     *(Check One Box Only)*

## A. CONTRACTS

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

**COLLECTION CASES**

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
     Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
     Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
     Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
     Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
     Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
     Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
     Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE       IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
    (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
    (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability

- [ ] 24 Application to Confirm, Modify,
    Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

## II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
    Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
    Judgment [ D.C. Code §
    2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
    42-3301, et seq.)

- [ ] 21 Petition for Subpoena
    [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
    (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

## D. REAL PROPERTY

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

/s/John S. Lopatto III

Mar. 30, 2018

_____
Attorney's Signature

_____
Date



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Wilbur Hiligh

_____
Plaintiff

vs.                                                Case Number    **2018 CA 002257 M**

William S. Sands, Jr., Esq.

_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John S. Lopatto III
_____
Name of Plaintiff's Attorney                                    _Clerk of the Court_

1776 K St., N.W., Suite 700
_____
Address                                          By _____
Washington, D.C. 20006                                              Deputy Clerk

202-861-5800
_____
Telephone                                        Date        **04/05/2018**

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                              CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                            Demandante

        contra

                                            Número de Caso: _____

_____
                            Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                    _SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

                            Por: _____
_____              Subsecretario
Dirección

                            Fecha: _____
_____
Teléfono
如需翻译,請打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하실시오    ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (203-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Wilbur Hiligh
_____
                                    Plaintiff

                    vs.                                    Case Number    2018 CA 002257 M

John C. Duncan III, Esq.
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

                                    DC Bar 965426

Name of Plaintiff's Attorney                                    _Clerk of the Court_
Atty. John S. Lopatto III
1776 K St., N.W. Suite 700                    By _____
Address  Washington, D.C. 20006                                    Deputy Clerk

202-861-5800                                    Date    04/05/2018
Telephone
如需翻譯，請打電話 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

                    See reverse side for Spanish translation
                    Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                        CASUM.doc





# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____

Demandante

contra

Número de Caso: _____

_____

Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) dias contados después que usted haya recibido este citatorio, excluyendo el dia mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) dias contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodia los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) dias de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podria dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_SECRETARIO DEL TRIBUNAL_

Nombre del abogado del Demandante
_____

Por: _____

_____                         Subsecretario
Dirección

Fecha _____

Teléfono
如需翻译,請打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요           የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Wilbur Hiligh

_____
                                    Plaintiff

                    vs.                                        Case Number   **2018 CA 002257 M**

Duncan and Hopkins P.C.

_____
                                    Defendant

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

John S. Lopatto III, D.C. Bar #965426
_____                              _Clerk of the Court_
Name of Plaintiff's Attorney
1776 K St. N.W. Suite 700
_____          By _____
Address                                                                       Deputy Clerk
Washington, D.C. 20006
_____

202-861-5800
_____          Date          **04/05/2018**
Telephone
如需翻译, 请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ.

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                    CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                          Demandante

contra                                         Número de Caso: _____

_____
                          Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                              _SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

                          Por _____
                                              Subsecretario
_____
Dirección

                          Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오       የትርጉም አገልግሎት ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Wilbur Hiligh

_____
                                              Plaintiff

                    vs.                                       Case Number  **2018 CA 002257 M**

PersonalRepresentative of Estate of
_____
William S. Hopkins, Esq., Deceased   Defendant

### SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John S. Lopatto III, D.C. Bar #965426                    _Clerk of the Court_

_____
Name of Plaintiff's Attorney

1776 K St., N.W., Suite 700                         By _____
_____                          Deputy Clerk
Address
Washington D.C. 20006

202-861-5800                                        Date  **04/05/2018**
_____
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

                    See reverse side for Spanish translation
                    Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                              CASUM.doc





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante

contra

Número de Caso:

_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

Por _____
Subsecretario

_____
Dirección

Fecha _____

_____
Teléfono
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     ፍላጎት ትርጉም ማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Wilbur Hiligh
_____
                              Plaintiff

                    vs.                                    Case Number  __2018 CA 002257 M__

Personal Reprensative of Estate
_____
of  Charles P. Monroe, Esq.,              Defendant
Deceased

### SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

JOhn S. Lopatto III, D.C. Bar #965426
_____                    _Clerk of the Court_
Name of Plaintiff's Attorney
1776 K St., N.W. Suite 700
_____         By _____
Address
Washington, D.C. 20006                                           Deputy Clerk
_____

202-861-5800                                              Date  __04/05/2018__
_____
Telephone
如需翻譯,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요.     የአማርኛ ትርጉም አማካይ፣ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                     CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                   Demandante

        contra

                                   Número de Caso:

_____
                                   Demandado

**CITATORIO**

Al susodicho Demandado:

          Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

          A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                   *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                   Por: _____
_____                      Subsecretario
Dirección

                                   Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

   IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

   Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

                    Vea al dorso el original en inglés
                    See reverse side for English original

                                                                 CASUM.doc

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

WILBUR HILIGH
   Vs.                                                     C.A. No.         2018 CA 002257 M
DUNCAN AND HOPKINS P.C. et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum.  As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to:  Judge MICHAEL L RANKIN
Date:  April 5, 2018
Initial Conference: 10:30 am, Friday, July 13, 2018
Location:   Courtroom 517
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

D.C. Superior Court
05/21/2018 12:30PM
Clerk of the Court

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**


**WILBUR HILIGH**
**9214 PINEHURST DRIVE**
**FT. WASHINGTON, MARYLAND 20744,**

    **PLAINTIFF**
                                 **2018-CA-002257-M**

                                      **Next Event:**
    **V.**                               **Initial Sched. Conf.**
**WILLIAM S. SANDS, JR., Esq.**         **July 13, 2018, 10:30 a.m.**
**11130 MAIN ST. Suite 310**           **Ct. Room 517**
**FAIRFAX, VA 22030,**               **Judge Rankin**

    **AND**

**JOHN C. DUNCAN III, Esq.**
**11130 MAIN ST. SUITE 310**
**FAIRFAX, VA 22030**

    **and**

**DUNCAN AND HOPKINS, P.C.,**
**111300 FAIRFAX BLVD.**
**SUITE 110**
**FAIRFAX, VA 22030**

    **AND**

**PERSONAL REPRESENTATIVE OF**
**ESTATE OF**
**WILLIAM S. HOPKINS, Esq.**
**Died 2014**

    **AND**


**PERSONAL REPRESENTATIVE OF**
**ESTATE OF CHARLES P. MONROE, Esq.**
**Died 2003**

    **DEFENDANTS**

## FIRST AMENDED COMPLAINT

(Legal Malpractice in Continuous Representation and Failure to Self-Report Breach of
the Standard of Care)

    Now comes the plaintiff who avers upon personal knowledge as to himself and

otherwise upon information and belief, and in Amendment of ¶38 of the April 5, 2018,

original Complaint, as follows:

1

EXHIBIT

B

1.      Plaintiff Wilbur Hiligh is an adult resident and citizen of Maryland.

2.      Defendant Duncan and Hopkins, P.C. is a law firm and professional corporation with principal place of business in Virginia but with lawyer members, shareholders, principals, or employees of this professional corporation who practiced law in the District of Columbia.

3.      Beginning in January 1998, Defendant Duncan and Hopkins represented plaintiff Hiligh pursuant to written fee agreement after plaintiff Hiligh was seriously injured in a workplace occurrence at his then place of employment at the Federal Express facility at Florida and New York Avenues, N.W. in Washington D.C. The date of the injury occurrence was January 31, 1997.

4.      Defendant Duncan and Hopkins came to represent plaintiff Hiligh pursuant to a written contract entered in January 1998 and renewed several times thereafter.

5.      The following lawyers of this defendant Duncan and Hopkins represented plaintiff Hiligh continuously through April 2015 and are sued in individually or through the personal representative of their estate:

A.  Defendant Charles P. Monroe, until his death in 2003, by his Personal Representative named as a defendant.

B.  William S. Hopkins, until his death in 2014; by his Personal Representative named as a defendant.

C.  Defendant John C. Duncan III; and

D.  Defendant William S. Sands, Jr.

2

6.     All four of these lawyers referred to in ¶5 were sufficiently agents of defendant Duncan and Hopkins, P.C. and working the scope of their agency to make Duncan and Hopkins vicariously liable under *respondeat superior* for the breaches of the standard of care of these individual attorneys. The four individual defendants and Duncan and Hopkin, P.C., law firm are collectively referred to hereafter as "Duncan and Hopkins" or as "defendant attorneys."

7.     Beginning in January 1998, Duncan and Hopkins investigated plaintiff's 1997 workplace injury and came under knowledge that the injury was caused by a defectively designed "bridge plate" or loading dock plate. This product was installed on the Federal Express loading dock and served as a bridge between the loading dock and large trucks parked adjacent to the Federal Express loading dock.

8.     Plaintiff's injury occurred in January 1997 in the course of his employment with Federal Express, Mr. Hiligh was carrying a large box obscuring his sight from the loading dock onto the adjacent truck. For this occurrence, the tractor trailer truck was side-loading, meaning it was parked parallel to the Federal Express loading dock. Defendants later learned that use of the loading dock bridge plate onto a side-loading truck was foreseeable but presented circumstances requiring design of the bridge plate permitting it to lay flat between the loading dock and the side-loading truck.

9.     The bridge plate was defectively designed in that, *inter alia*, it did not have split endings to permit it to lay flat between the vertical edge of the truck and the loading dock. As plaintiff stepped onto what he reasonably assumed was a continuous flat walking surface for the bridge plate, plaintiff encountered an open space. Laden with a

heavy carry load, plaintiff stepped down into a void. The movement caused plaintiff to strike the end of the bridge plate and loading dock in his groin and penis area. This caused grievous physical injury to plaintiff's sexual function because of damage to vascular and sexual organs in the groin area.

Exposure to Dangerous Medical Procedures

10.     Plaintiff was born in July 1977 and was only age 19 at the time of the injury. The physical damage would ultimately require lengthy hospitalizations and numerous surgeries and procedures, which were ongoing. Several of the procedures were high-risk and prone to additional injury to the urethra and other reproductive organs.

11.     Plaintiff proximately developed post-traumatic stress and a psychological overlay from the injury, and suffered other psychological effects. Even into the present in 2018, plaintiff has suffered additional and cumulative injury from invasive medical diagnostic procedures.

12.     All of plaintiff's injuries were permanent and disabling.

Defendant Duncan and Hopkins Continuous Representation of Plaintiff

13.      Beginning in January 1998, defendant Duncan and Hopkins were under a duty to investigate the facts of the injury to determine remedies available to the seriously injured client. The investigation focused on two avenues of injury: statutory workers' compensation remedies and a potential claim against a party, other than the employer Federal Express, whose negligence or strict liability was a proximate cause of plaintiff's injuries and damages.

14.     Defendant Duncan and Hopkins represented plaintiff with respect to a workers' compensation claim against the employer's Federal Express workers' compensation insurer, Alexsis, and claim administrator RSK Co. beginning in early 1998.

15.     The defendant Duncan and Hopkins' representation of plaintiff in his workers' compensation claim was ongoing and continuous from 1998 through numerous Administrative Law Judge hearings, administrative appeals and one D.C. Court of Appeals proceeding in the D.C. workers' compensation system through April 2015. The defendant law firm also engaged in settlement conferences with the workers' compensation carrier for Federal Express. Several disputed issues fueled this lengthy workers' compensation advocacy, including but not limited to, the amount of plaintiff's average weekly wages; the degree of disability; future medical expenses; expenses for psychiatric care; and discussion of a Medicare Set Aside fund for payment of future medical expenses from this fund rather than payment by Medicare.

16.     Early in its representation of plaintiff, defendant Duncan and Hopkins recognized the merit of filing a lawsuit against a third-party (non-employer) tortfeasor who had caused plaintiff's injury and damages.

17.     Consultation between defendant attorneys and plaintiff indicated that a defectively designed and/or installed bridge plate had caused plaintiff's injuries. The bridge plate in use on the day of plaintiff's injury did not have end flaps or adjustable panels that would permit a flat walking surface when the end of the bridge plate was against the side of the truck cargo bay.

5

18.     When considering the potential for plaintiff to file a third-party action against the manufacturer and/or installer of the bridge plate, the defendant attorneys had nearly two and one-half years before the January 2000 limitation for a product liability claim in the District of Columbia to investigate and obtain the exact name of the bridge plate manufacturer.

19.     In this 30-month period, the defendant attorneys, moreover, could readily have obtained permission from Federal Express and its workers' compensation carrier to enter the Federal Express premises with an expert witness if appropriate, to inspect the bridge plate and determine a manufacturer's stamp or signage. Federal Express and its workers' compensation carrier would readily have cooperated in this inspection, because any recovery plaintiff made against a third party would be paid back to the workers' compensation carrier pursuant to the workers' compensation, third party recovery, lien provision in D.C. law.

20.     The defendant attorneys in the 30-month period before the limitation expired in January 2000, also could have inspected the architectural and work permit filings for construction of the Federal Express loading facility on file with the Department of Regulatory Affairs of the D.C. Government, which could also have identified the manufacturer of the defective designed bridge plate.

21.     The standard of care for similarly situated  attorneys required such action of the defendant attorneys pleaded above.

<u>Filing Against the Incorrect Defendants in the 36th Month</u>

22.     Defendants took none of the actions pleaded in ¶s 17-20.

6

23.     Instead, the defendant attorneys wasted the opportunity to identify the

correct defendant to sue for the defectively-designed bridge plate and waited until January

28, 2000, three days before limitation expired on the January 31, 1997, occurrence, and

filed a lawsuit in D.C. Superior Court, C.A., 00-000593. The damages claimed were $5

million.

24.     The January 26, 2000, Hiligh lawsuit sued what turned out to be incorrect

defendants: Coakley & Williams Construction Company, Inc., the general contractor for

the Federal Express loading dock, and Allstate Conveyor Service, which was alleged to be

the designer and manufacturer of the bridge plate or "cat walk" upon which the plaintiff

was injured in 1997. Allstate turned out to have been only the contractor for building the

loading dock and not the manufacturer of the bridge plate.

25.     In product identification for strict liability claims, the standard of care

required attorneys situated like these defendants, when faced with a statute of limitation,

to serve under Civil Rule 15 (c)(3)(A) alternative possible manufacturer parties but not

name them as defendants. Research by the Internet or other means of manufacturers of

loading dock bridge plates would have revealed a small list of manufacturers which

could have designed and manufactured the bridge plate that caused plaintiff's injury. If

the standard of care had been complied with, serving these possible, correct

manufacturer parties under Civil Rule 15 (c)(3)(A) would have preserved the ability of

plaintiff and his defendant attorneys to undertake discovery and confirm the correct

bridge gate manufacturer who could then be named as a defendant. This process would

comply with the statute of limitations for the new defendant because of the relation back

procedure in Civil Rule 15 (c)(3)(A), despite the statute of limitations having run before the correct manufacturer is formally named as a defendant.

26.     The defendant attorneys were ignorant and inattentive to the above standard of care requirements.

27.     After the defendant attorneys wasted 30 months and filed the lawsuit against Coakley and Allstate Conveyors on January 28, 2000, both named defendants filed sworn declarations that they were not the manufacturer or designer of the bridge plate or catwalk attached to the loading dock. Neither defendant identified who the correct manufacturer was but these defendants established that the bridge plate or catwalk was a separate unit provided by an outside manufacturer to the contractors who built the Federal Express loading dock.

28.     The correct manufacturer of the bridge plate was susceptible to identification as a defendant and had sufficient assets and insurance to secure a reasonable settlement or verdict for Mr. Hiligh.

29.     Coakley and Allstate ultimately obtained dismissal as defendants.

30.     The defendant attorneys never did identify the correct manufacturer of the bridge plate. With the statute of limitation having run on January 31, 2000, and the correct manufacturer not served with the complaint under Civil Rule 15 (c)(3)(A), identification of the correct manufacturer and naming same as a defendant in an amended complaint, would not have related back to the January 28, 2000, complaint filed complaint against Allstate and Coakley. Such naming the correct manufacturer as a new defendant after January 31, 2000, would have been futile, subject to immediate

8

dismissal by the new defendant on limitations grounds, and likely a violation of Civil Rule 11 (b) and exposing the defendant attorneys to sanctions.

31.     On October 6, 2000, the defendant attorneys dismissed with prejudice the January 28, 2000, complaint against Coakley and Allstate.

32.     The defendant attorneys provided no explanation to plaintiff Hiligh about the dismissal other than to say that the Superior Court would not let the case proceed.

33.     At this same time in 2000 and regularly through April 14, 2015, the defendant attorneys were continuing to represent plaintiff Hiligh in ongoing hearings and appeals in the D.C. workers' compensation system.

### Fiduciary Duty of Defendant to Confess Breach of Standard of Care in Failing to Timely Identify and Sue Correct Bridge Plate Manufacturer

34.     The defendant attorneys were continuously under a fiduciary duty to plaintiff and subject to the Rules of Professional Conduct to represent his best interests and put the plaintiff's interests ahead of their own interest of avoiding professional liability.

35.     When their January 2000 Complaint against defendants who did not manufacture the bridge gate or catwalk, had to be dismissed with prejudice in October 2000, defendant attorneys were under a fiduciary duty to inform plaintiff they had wasted the 30-month investigative period and had not identified the bridge gate manufacturer in time to file a lawsuit against such party.

36.     This self-reporting requirement for a fiduciary required the defendant attorneys to inform plaintiff of his rights to obtain another lawyer who, likely on a

9

contingent fee, could bring a claim against the defendant attorneys and their professional liability carrier to recover the damages sought against the bridge gate manufacturer in a product liability claim. This self-reporting duty was acute for defendant attorneys because they knew plaintiff was relying exclusively on them for protection of his legal rights to seek remedies and damages for his January 1997 serious bodily injury occurrence.

37.     From the time in October 2000 when they dismissed the January 2000 Complaint with prejudice, to the present, defendant attorneys failed to discharge this fiduciary duty to their client, plaintiff Hiligh. Mr. Hiligh was never advised by the defendant attorneys that he should consult with independent counsel, as per RPC 1.8 (g)(2), to assess Mr. Hiligh's legal rights against the defendant attorneys and their insurance carrier over the debacle of the failed products liability claim against the bridge gate manufacturer.

Estoppel

38.     The breach of fiduciary duty pleaded above reflects unclean hand by the defendant attorneys and estops them from asserting statute of limitations or laches against this legal malpractice action of their former client. This unclean hands and estoppel is also part of the continuous representation by the defendant attorneys of this plaintiff until at least April 7, 2017, with respect to all legal remedies that could be asserted for plaintiff who was seriously by another's negligence in January 1997. On April 4, 2017, defendant attorney Sands mailed plaintiff a letter on Duncan and Hopkins, P.C. letterhead stating that these lawyers were no longer representing plaintiff.

10

39.     The defendant attorneys represented plaintiff pursuant to a written contract; failed to comply with the standard of care; and departed from duties owed the client plaintiffs. These failures were negligent and proximately caused the loss to plaintiff of a valuable damages recovery against the manufacturer of the defectively designed and defectively manufactured bridge plate.

## Jurisdiction and Venue

40.     The defendant attorneys conducted business in this jurisdiction and the cause of action arose out of such business conducted in this jurisdiction.

41.     Venue is appropriate in this Court.

## Count 1: Breach of the Standard of Care and Fiduciary Duty

42.     Paragraphs 1 through and including 41 are incorporated by reference.

43.     The defendant attorneys breached the standard of care and fiduciary duty for similarly situated attorneys and proximately caused the loss of recovery for plaintiff against the manufacturer of the defective bridge plate that caused plaintiff's serious injury.

44.     Plaintiff Hiligh demands judgment in negligence and for breach of fiduciary duty against each defendant, jointly and severally, and individually, in the amount of $8 million, plus interests and costs.

<u>Request for Jury Trial</u>

45.  Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

<u>/s/John S. Lopatto III,</u> D.C. Bar #965426
1776 K St., N.W., Suite 700
Washington, D.C. 20006
202-861-5800/FAX 202-315-3850
Jlopatto3@gmail.com
Attorney for Plaintiff

Dated: May 21, 2018